### JAMES G. MARTIN *v.* GEORGE SHERIDAN.

The personal earnings of a debtor are exempted by law from being applied in payment of a judgment against him, when it is made to appear that they are necessary for the use of a family supported wholly or partly by his labor.

On supplementary proceedings it was shown that there was money due to the defendant for his personal services within sixty days previous; that his wife supported his family by keeping a boarding house, and although he testified that his family was dependent upon him, yet it did not appear that he contributed in any way to its support. *Held*, that his earnings were not exempt.

AT CHAMBERS, *March* 27, 1860.

On proceedings supplementary to execution against the defendant, it appeared from his examination that he was a cartman, and that the corporation of the city of New York was indebted to him for his personal services, as cartman, within the previous sixty days, amount more than sufficient to pay the judgment. It was also disclosed that he had a family consisting of a wife and an adopted daughter, both engaged in supporting themselves by keeping a boarding house, and it did not appear that he con-

Martin v. Sheridan.

tributed to their support in any way, although in his affidavit used on the application he stated that his family were dependent upon him. The plaintiff claimed that the amount due to the defendant for his services were not, under the circumstances, exempt from being applied in payment of the debt, and asked for an order directing its application in extinguishment of the judgment.

*Aubry C. Wilson*, for the motion.

*J. Lewis Peters*, opposed.

HILTON, J.—It appears that the defendant has a wife and an adopted daughter, who are engaged in keeping a boarding house; and he is a cartman, using his horse and cart in the employ of the corporation. From such employment there is now due him for his earnings, within the last sixty days, a sum sufficient to pay this judgment, but which he insists cannot be applied to its payment because " he has a family depending upon him for support." His examination discloses the fact that his wife supports the house, pays all the bills necessary for it, and that he has nothing to do with it; and it is not shown that he contributes in any way to the support of his house or family.

Section 297 of the Code exempts the personal earnings of the debtor from being applied to the payment of his judgment debts, "when it is made to appear, by the debtor's affidavit or otherwise, that such earnings are necessary for the use of a family *supported wholly or partly by his labor;*" and as the defendant here only shows that he has a family depending upon him, without showing that he supports them " wholly or in part by his labor," I think he has not made out a case for exemption within the provisions of the section of the Code referred to.

Motion granted.